IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC LABRANT, | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff | § | SECTION: |
| | § | |
| vs. | § | JUDGE: |
| | § | |
| HORIZON OFFSHORE CONTRACTORS, INC., | § | |
| | § | |
| Defendant | § | |



1 02CV0626

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

Defendant, Horizon Offshore Contractors, Inc., files this Notice of Removal of this case from the State of Texas, 60th Judicial District Court of Jefferson County, where it is now pending, to the United States District Court for the Eastern District of Texas, Beaumont Division. As the basis for the removal, Defendant respectfully represents that:

1.

On September 10, 2002, Defendant Horizon Offshore Contractors, Inc. was served with a Petition filed in the State of Texas, 60th Judicial District Court of Jefferson County entitled "Eric Labrant v. Horizon Offshore Contractors, Inc.," Case No. B167902. That state court action is within the jurisdiction of the Eastern District of Texas, Beaumont Division. A copy of the Original Petition propounded to Defendant is attached hereto as Exhibit A.

Labrant\Pleading\Notice Removal 17Sept02

2.

This action is one of a civil nature. The Complaint seeks monetary damages from Defendant, including (a) overtime pay not paid by Defendant to Plaintiff, including liquidated damages; (b) all reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff, including all fees in the event of an appeal; (c) back pay; (d) reasonable and necessary costs incurred in pursuit of this suit; (e) emotional pain; (f) front pay; (g) inconvenience; (h) pre and post-judgment interest; (i) mental anguish in the past; (j) mental anguish in the future; (k) loss of benefits; and (l) liquidated damages. See Exhibit A.

3.

This action is one of a civil nature seeking monetary damages from Defendant, claiming violations of the Fair Labor Standards Act of 1938, 28 U.S.C. § 1441(a) and 29 U.S.C. § 261 (b).

4.

This action is removed pursuant to 28 U.S.C. §1441(a) as Plaintiff's Fair Labor Standards Act claims raise a federal question within the "original jurisdiction" of the federal district court.

5.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal and the attached copy of Exhibit A, comply with the requirements of § 1446(a) as a short and plain statement for the grounds of removal, and of 28 U.S.C. § 1446(b), the filing of all documents in the State Court action. The filing of this Notice of Removal is timely and within 30 days after Defendant's notice of

the pending State Court action through service of process. Pursuant to 28 U.S.C. § 1446(d), a Notice of Removal has been filed in the State of Texas, 60th Judicial District Court of Jefferson County and served upon Plaintiff.

WHEREFORE, Defendant Horizon Offshore Contractors, Inc., prays that the above-described civil action be removed from the State of Texas, 60th Judicial District Court of Jefferson County, to the United States District Court for the Eastern District of Texas, Beaumont Division.

    Respectfully submitted,

*[signature]*

David J. Plavnicky
Texas Bar No. 16066100
William A. Marshall
Texas Bar No. 13048340
909 Fannin Street
Suite 1111
Houston, TX  77010
Telephone: (713) 658-1111

ATTORNEYS FOR
HORIZON OFFSHORE CONTRACTORS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___17th___ day of September, 2002 a copy of the above and foregoing Notice of Removal was served via United States mail, postage prepaid, upon the following:

Steve Parkhurst
202 S. Border
Orange, Texas 77630

_____
Of Counsel Plavnicky & Marshall, P.C.

NO. **B167902**

| | | |
|---|---|---|
| ERIC LABRANT<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| HORIZON OFFSHORE<br>CONTRACTORS, INC.<br>Defendant. | § § § | OF JEFFERSON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES ERIC LABRANT, hereinafter called Plaintiff, complaining of and about HORIZON OFFSHORE CONTRACTORS, INC., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.   Plaintiff, ERIC LABRANT, is an individual whose address is 1606 N. 10th Street, Orange, Texas 77630.

3.   Defendant HORIZON OFFSHORE CONTRACTORS, INC., a nonresident corporation, may be served pursuant to article 2.09 of the Business Corporation Act by serving the registered agent of the corporation, William B. Givvens, III, at 2500 CityWest Blvd., Suite 2200, Houston, TX 77042, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

4.   The subject matter in controversy is within the jurisdictional limits of this court.

5.   This court has jurisdiction over Defendant HORIZON OFFSHORE CONTRACTORS, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient



EXHIBIT A

to confer jurisdiction over said Defendant, and the assumption of jurisdiction over HORIZON OFFSHORE CONTRACTORS, INC. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would show that Defendant HORIZON OFFSHORE CONTRACTORS, INC. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7. Furthermore, Plaintiff would show that Defendant HORIZON OFFSHORE CONTRACTORS, INC. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state.

8. Venue in JEFFERSON County is proper in this cause.

## NATURE OF ACTION

9. This is an action under 29 U.S.C.S. §201 *et seq.*, as amended, specifically Sections 207, 215 and 216, to correct unlawful employment practices on the basis of retaliation and refusal of Defendant to pay Plaintiff overtime pay.

## FACTS

10. Plaintiff was an employee for Defendant in Jefferson County, Texas. During the month of August, 2002, Plaintiff turned in a time sheet itemizing his hours of work for the week of August 7 through August 13, 2002. The time sheet was returned to him, showing fewer hours than he had actually worked. After Plaintiff complained to supervision and questioned as to why his time sheet had been amended and why he was not going to be paid for the actual hours of overtime he had worked, he was told by supervision that the company did not want to pay him for those hours. Plaintiff next contacted the United States Department of Labor to file a complaint against his employer. He then contacted his Human Resources department with Defendant and told them that

he had contacted the Department of Labor to file a complaint. Within a few days after Plaintiff told his employer about his contact with the Department of Labor in which he complained about Defendant not paying him his overtime hours worked, Plaintiff was terminated from his employment with Defendant. Additionally, Defendant refused to, and has not, compensated Plaintiff for the full amount of hours that he actually worked during the week in question.

## FAILURE TO PAY OVERTIME WAGES

11. Defendant, HORIZON OFFSHORE CONTRACTORS, INC., has committed unlawful employment practices against Plaintiff by failing and refusing to pay Plaintiff for overtime hours Plaintiff actually worked, in violation of 29 U.S.C.S. §207 and §215.

## RETALIATION

12. Defendant, HORIZON OFFSHORE CONTRACTORS, INC., committed unlawful employment practices against Plaintiff because Plaintiff engaged in activity protected under the Fair Labor Standards Act.

13. The effect of the practices complained of above has been to deprive Plaintiff of his employment with Defendant, because of his engagement in a protected activity.

14. Plaintiff would show that the retaliatory actions taken against him were motivated by Plaintiff opposing an illegal practice, and complaining about such illegal practices by contacting the Department of Labor, making or filing a charge, filing a complaint and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice.

15. Plaintiff alleges that the retaliation was committed with malice or with reckless indifference to the protected rights of Plaintiff.

## DAMAGES

16. Plaintiff sustained the following damages as a result of the actions and/or

omissions of Defendant described hereinabove:

    a. overtime pay not paid by Defendant to Plaintiff for overtime actually worked by Plaintiff, including liquidated damages;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause;

    c. Back pay from the date that Plaintiff was discharged and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g. Inconvenience;

    h. Pre and Post judgment interest;

    i. Mental anguish in the past;

    j. Mental anguish in the future;

    k. Loss of benefits; and

    l. Liquidated damages.

## EXEMPLARY DAMAGES

17. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary and/or liquidated damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ERIC LABRANT, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court;

exemplary damages, liquidated damages, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, attorney's fees, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Law Office of Tommy Gunn

By: _____
STEVE PARKHURST
Texas Bar No. 00797206
202 S. Border
Orange, Texas 77630
Tel. (409)882-9990
Fax. (409)882-0613
Attorney for Plaintiff
ERIC LABRANT